DENNIS J. HERRERA, State Bar #139669
City Attorney
CHERYL ADAMS, State Bar #164194
Chief Trial Deputy
NEWTON OLDFATHER, State Bar #281227
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-4283
Facsimile:    (415) 554-3837
E-Mail:        newton.oldfather@sfgov.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL DROTTS IN PRO PER, <br><br> Plaintiff, <br><br> vs. <br><br> SAN FRANCISCO MUNICIPAL TRANSPORTATION AGENCY; AUTO RETURN TOWING; JOHN DOE BADGE #426 OD SFMTA; AND JOHN DOE TOW TRUCK DRIVER, <br><br> Defendants. | Case No. 3:17-cv-04916 DMR <br><br> **DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT, OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** <br><br> Hearing Date:    October 12, 2017 <br> Time:    11:00 a.m. <br> Place:    Oakland Courthouse <br> Courtroom 4 – 3rd Floor <br> 1301 Clay Street <br> Oakland, CA 94612 <br><br> Trial Date:    Not set. |

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ....................................................................................................... ii

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................ 2

    I.      INTRODUCTION ............................................................................................ 2

    II.     STATEMENT OF FACTS .............................................................................. 2

          A.     June 1, 2017 Towing ........................................................................... 2

          B.     July 6, 2017 Towing ............................................................................ 3

          C.     Plaintiff's Past Tickets ........................................................................ 3

          D.     The Litigation ...................................................................................... 3

    III.    ARGUMENT ..................................................................................................... 4

          A.     PLAINTIFF'S TRUCK WAS SUBJECT TO TOWING FOR UNPAID PARKING TICKETS ..................................................................... 4

          B.     PLAINTIFF'S MUNICIPAL LIABILITY CLAIMS UNDER 42 U.S.C. § 1983 FAIL FOR INADEQUATE PLEADING ...................................... 5

          C.     PLAINTIFF'S FOURTEENTH AMENDMENT DUE PROCESS CLAIM FAILS FOR INADEQUATE PLEADING .................................. 7

          D.     PLAINTIFF'S TAKINGS CLAIM FAILS AS A MATTER OF LAW ...... 9

          E.     PLAINTIFF'S EIGHTH AMENDMENT CLAIM FAILS AS A MATTER OF LAW ................................................................................ 9

          F.     PLAINTIFF'S STATE LAW CLAIMS FAIL AS A MATTER OF LAW 10

          G.     IF THE COURT WILL NOT DISMISS THE COMPLAINT, THE CITY REQUESTS A MORE DEFINITE STATEMENT UNDER RULE 12(E). ...................................................................................................... 12

    IV.   CONCLUSION .................................................................................................. 12

1

## TABLE OF AUTHORITIES

**Federal Cases**

2

*Acadia Tech., Inc. v. United States*
     458 F.3d 1327 (Fed. Cir. 2006) ........................................................................................10

3

4

*Ashcroft v. Iqbal*
     556 U.S. 662 (2009).............................................................................................................7

5

*Bedford v. City of Hayward*
     2012 WL 4901434 (N.D. Cal. Oct. 15, 2012) ....................................................................7

6

7

*Bell Atl. Corp. v. Twombly*
     550 U.S. 544 (2007).............................................................................................................7

8

*Cain v. Bureau of Admin. Adjudication*
     2016 WL 7156392 (E.D. Pa. Dec. 8, 2016).......................................................................10

9

10

*David v. City of Los Angeles*
     307 F.3d 1143 (9th Cir. 2002) .............................................................................................9

11

*Farmer v. Brennan*
     511 U.S. 825 (1994)...........................................................................................................10

12

13

*Galen v. Cty. of L.A.*
     477 F.3d 652 (9th Cir. 2007) ...............................................................................................7

14

15

*Galindo v. City of San Mateo*
     2016 WL 7116927 (N.D. Cal. Dec. 7, 2016)......................................................................7

16

*Karim-Panahi v. L.A. Police Dep't*
     839 F.2d 621 (9th Cir. 1988) ...............................................................................................7

17

18

*Mathews v. Eldridge*
     424 U.S. 319 (1976).............................................................................................................8

19

20

*McCain v. Stockton Police Dept.*
     2011 WL 4701696 (E.D.Cal. Oct. 4, 2011).......................................................................10

21

*Missud v. California*
     2013 WL 450391 (N.D.Cal. Feb. 5, 2013) ........................................................................10

22

23

*Monell v. Dep't of Soc. Servs. of City of N.Y.*
     436 U.S. 658 (1978).............................................................................................................7

24

25

*Popescu v. City of San Diego*
     2008 WL 220281 (S.D. Cal. Jan. 25, 2008).......................................................................11

26

*Shibeshi v. City of New York*
     2011 WL 13176091 (S.D.N.Y. Sept. 21, 2011).................................................................10

27

28

*Soffer v. City of Costa Mesa*
  798 F.2d 361 (9th Cir. 1986) ........................................................................................9

*United States v. Bajakajian*
  524 U.S. 321 (1998).....................................................................................................10

*Vasquez v. Rackauckas*
  734 F.3d 1025 (9th Cir. 2013) .......................................................................................8

*Whitaker v. Garcetti*
  486 F.3d 572 (9th Cir. 2007) .........................................................................................7

**State Cases**
*Donnelly v. S. Pac. Co.*
  18 Cal. 2nd 863 (1941) ................................................................................................12

*Fermino v. Fedco, Inc.*
  7 Cal. 701 (1994) .........................................................................................................12

*Hoff v. Vacaville Unified Sch. Dist.*
  19 Cal.4th 925 (1998) ..................................................................................................11

*Hughes v. Pair*
  46 Cal.4th 1035 (2009) ................................................................................................12

*Potter v. Firestone Tire & Rubber Co.*
  6 Cal.4th 965 (1993) ....................................................................................................12

*Seelig v. Infinity Broadcasting Corp.*
  97 Cal. App. 4th 798 (2002) ........................................................................................12

**Federal Statutes**
42 U.S.C. § 1983.................................................................................................1, 6, 7

**State Cases**
*Donnelly v. S. Pac. Co.*
  18 Cal. 2nd 863 (1941) ................................................................................................12

*Fermino v. Fedco, Inc.*
  7 Cal. 701 (1994) .........................................................................................................12

*Hoff v. Vacaville Unified Sch. Dist.*
  19 Cal.4th 925 (1998) ..................................................................................................11

*Hughes v. Pair*
  46 Cal.4th 1035 (2009) ................................................................................................12

*Potter v. Firestone Tire & Rubber Co.*
  6 Cal.4th 965 (1993) ....................................................................................................12

*Seelig v. Infinity Broadcasting Corp.*
  97 Cal. App. 4th 798 (2002) ...............................................................................................12

**State Statutes & Codes**
California Government Code § 815.2 ...................................................................................11

California Government Code § 820 .....................................................................................11

California Government Code § 820.4 ..................................................................................13

California Government Code § 820.6 ..................................................................................13

California Government Code § 821.6 ..................................................................................13

California Government Code § 830 .......................................................................................4

California Vehicle Code § 22651(i) ..............................................................................3, 5, 13

California Vehicle Code § 22651(o)(2) .................................................................................6

California Vehicle Code § 40200 ..........................................................................................8

California Vehicle Code § 40214(a) ......................................................................................8

California Vehicle Code § 40215(a) ......................................................................................9

California Vehicle Code § 40215(c) ......................................................................................9

California Vehicle Code § 40215(c)(3) ..................................................................................9

California Vehicle Code § 40215(c)(4)(A) .............................................................................9

California Vehicle Code § 40221 .......................................................................................4, 6

California Vehicle Code § 40222 .......................................................................................4, 6

California Vehicle Codes § 40220 ...................................................................................4, 6, 7

**San Francisco Statutes, Codes & Ordinances**
San Francisco Transportation Code Division II, § 302 .....................................................5, 11

San Francisco Transportation Code Division II, § 305 .........................................................11

San Francisco Transportation Code Division II, § 307 ......................................................8, 9

**Rules**
Federal Rules of Civil Procedure 12(b)(6) ............................................................................1

Defendant CCSF's Motion to Dismiss                    iv                    n:\lit\li2017\180109\01217447.docx
CASE NO.  **3:17-cv-04916 DMR**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION TO DISMISS**

TO PLAINTIFF IN PRO PER:

Please take notice that at October 12, 2017 at 11:00 a.m., or as soon thereafter as the matter may be heard, before the Hon. Donna Ryu, in Courtroom 4 on the 3rd floor of the Oakland Courthouse at 1301 Clay Street, Oakland, CA 94612, Defendant CITY AND COUNTY OF SAN FRANCISCO, incorrectly named as SAN FRANCISCO MUNICIPAL TRANSPORTATION AGENCY, will move, and hereby move, to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because the Complaint fails to state a claim upon which relief can be granted.  Specifically, plaintiff's vehicle was lawfully towed for unpaid parking tickets, plaintiff fails to allege sufficient facts to show a policy and practice for municipal liability under 42 U.S.C. § 1983, plaintiff fails to plead sufficient facts to show that he did not receive due process under State and City's administrative hearing system, plaintiff's takings claim fails because the City exercised its police powers to seize plaintiff's vehicle, plaintiff's excessive fines claim fails because his fines were not grossly disproportional, and finally, plaintiff's state tort claims all fail because the parking control officer lawfully towed plaintiff's vehicle and plaintiff chose to remain in his vehicle until police arrived.

This motion is based on this Notice of Motion, the Memorandum of Points and Authorities submitted in support of the Motion, the papers and pleadings on file in this action and upon such other and further matters as may be considered by the Court at the hearing on the motion.

Dated:  August 30, 2017

DENNIS J. HERRERA
City Attorney
CHERYL ADAMS
Chief Trial Deputy
NEWTON OLDFATHER
Deputy City Attorney

By: _/s/ Newton Oldfather_
NEWTON OLDFATHER

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Plaintiff Joel Drotts challenges the Defendant City and County of San Francisco's towing of his truck.[1]  Although plaintiff admits he had approximately $2,300 and $1,989 in unpaid parking tickets, plaintiff claims civil rights violations and state torts for his June 1, 2017 and July 6, 2017 towing.

The Court should dismiss all of plaintiff's claims against the City.  First, plaintiff's admission that he owed $2,300 and $1,989 in unpaid parking tickets shows that the City properly towed his vehicle under California Vehicle Code § 22651(i).  Second, even if there was an underlying constitutional deprivation, plaintiff fails to plausibly allege any City policy or practice that led to the alleged deprivation.  Third, plaintiff fails to plausibly allege any deprivation of his due process rights to challenge his fines.  Fourth, plaintiff cannot state a takings claim because the takings doctrine does not apply to a municipality's exercise of its police powers.  Fifth, plaintiff cannot state a claim for excessive fines under the Eighth Amendment because he is not a convicted prisoner and his allegations show routine traffic fines.  Finally, all of plaintiff's state law claims fail because the City cannot be sued directly for negligence and the City's parking control officer acted within the scope of his lawful authority in towing plaintiff's vehicle for unpaid parking tickets.

**II.     STATEMENT OF FACTS**

**A.      June 1, 2017 Towing**

Plaintiff alleges that on June 1, 2017, he was looking out his window at the 400 block of Jones Street at approximately 8:30 a.m. when he observed a tow truck driver and a parking control officer, badge number 426, standing near his parked vehicle. (Compl. at ¶¶ 13,19.)  Plaintiff ran out of his house, jumped into his vehicle, and tried to drive away before he could be issued a ticket. (*Id.*)  The tow truck blocked plaintiff's path of escape. (*Id.*)  Plaintiff and the parking control officer then engaged in a heated argument about whether plaintiff had parked legally and whether he was being towed. (*Id.* at ¶¶ 20-22.)  The parking control officer informed plaintiff that he was a scofflaw and to

---

[1] Plaintiff sued the City as the San Francisco Metropolitan Transit Authority ("MTA").  The MTA is a subdivision of the City and County of San Francisco, not a separate entity.

1   leave his vehicle.  (*Id.* at ¶ 21.)  After considerable back and forth, police arrived.  (*Id.* at ¶ 23.)

2   Plaintiff then shut off his vehicle and exited the car.  (*Id.*)   The City towed plaintiff's car. (*Id.* at ¶ 24.)

3   **B.     July 6, 2017 Towing**

4   On July 6, 2017, plaintiff and his girlfriend were sleeping in plaintiff's parked truck when they

5   woke to the same parking control officer, badge number 426, beginning to tow the vehicle.  (*Id.* at ¶

6   25.)  Again, the parties began to argue, and plaintiff yelled that he could not leave the vehicle because,

7   allegedly, the parking control officer had lifted the vehicle into the air.  (*Id.* at ¶ 27.)  Once the vehicle

8   had been lowered, plaintiff still refused to leave until police arrived and instructed him to do so.  (*Id.*)

9   The City then towed plaintiff's vehicle.  Plaintiff does not explain where this occurred.

10  **C.     Plaintiff's Past Tickets**

11  Plaintiff admits that he had outstanding parking ticket debts in the amounts of $2,300.00 and

12  $1,989.00 at the time of the towing, though he does not articulate how many different tickets these

13  debts represent.  (*Id.* at ¶ 86.)  Attached to plaintiff's complaint as Exhibit D appears to be a list of past

14  tickets and their accompanying penalty amounts.  (Compl. at Ex. D.)  It appears that plaintiff had

15  thirteen outstanding tickets, approximately $75 each.

16  **D.     The Litigation**

17  On July 20, 2017, plaintiff filed a complaint in San Francisco Superior Court.  Plaintiff served

18  the City on July 27th, 2017.  Plaintiff did not serve any individual defendants.

19  The complaint contains various headings in bold that list plaintiff's claims:

20  Plaintiff claims negligence per se against the City and parking control officer #
    426 for violations of California Vehicle Code Section 40220, 40221, and 40222.
21  (*Id.* at ¶ 28.)

22  Plaintiff claims negligence per se against the City for a violation of California
    Government Code § 830.  (*Id.* at ¶ 35.)

23  Plaintiff claims a due process violation under the Fourteenth Amendment
    against the City for its policy of ignoring the protections of Vehicle Code
24  Sections 40220, 40221, and 40222 and for taking his vehicle without adequate
    due process. (*Id.* at ¶¶ 41, 54.)

25  Plaintiff claims an unreasonable seizure under the Fourth Amendment against
    the City and the parking control officer #426.  (*Id.* at ¶ 59.)

26
    Plaintiff alleges excessive fines under the 8th Amendment against the City for
27  the costs associated with his tickets and towing. (*Id.* at ¶ 85.)

28

Defendant CCSF's Motion to Dismiss            3            n:\lit\li2017\180109\01217447.docx
CASE NO.  **3:17-cv-04916 DMR**

<blockquote>
Plaintiff alleges false imprisonment (*id.* at ¶ 62), kidnapping (*id.* at ¶ 67), defamation (*id.* at ¶ 69), and intentional infliction of emotional distress paragraph (*id.* at ¶ 76), all against the City.
</blockquote>

On July 31, 2017, plaintiff filed an amended complaint that made line item changes to the original rather than replacing it.  (First Amend. Compl.)  Although the rule is that an amended complaint replaces the original, the amended complaint is so short that the City has chosen to read both pleadings as one complaint for the sake of clarity and avoiding needless litigation.

The amended complaint addressed plaintiff's Fourteenth Amendment due process claim and included an argument that he was afforded insufficient process in his administrative hearing with the SFMTA because the City employed the hearing officer.  (First Amend. Compl.)

The City removed the case to federal court on August 23, 2017.

## III.     ARGUMENT

### A.     PLAINTIFF'S TRUCK WAS SUBJECT TO TOWING FOR UNPAID PARKING TICKETS

Plaintiff devotes most of his complaint to arguing that his truck was illegally towed.  But plaintiff makes an important admission that undermines his claim: he admits that he owed the City thousands of dollars in unpaid parking tickets.

The California Vehicle Code, section 22651(i), states that a City employee "who is engaged in … enforcing parking laws and regulations" may remove a vehicle when "it is known that the vehicle has been issued five or more notices of parking violations to which the owner or person in control of the vehicle has not responded within 21 calendar days… ."  Cal. Vehicle Code § 22651(i).

Plaintiff's admission about his past due tickets shows he was subject to towing under § 22651(i).  Plaintiff admits that he owed $2,300 and $1,989 in outstanding parking tickets at the time of the towing incidents.  (Compl. at ¶ 86).  Though plaintiff does not specifically allege how many tickets this unpaid debt represents, the only plausible inference is that it represents well over five.  For example, the current fine amount for an "Overtime Meter Parking Downtown Core" is $84 and the current fine amount "Red Zone" parking is $110.  San Francisco, California, Transportation Code Div. II, § 302.  Moreover, Exhibit D to plaintiff's complaint appears to be a payment receipt for thirteen past tickets.  (Compl. at Ex. D.)  The most plausible inference is that plaintiff had well over five parking tickets, which subjecting him to towing, parked legally or not.

1    To avoid this rule, plaintiff argues that California Vehicle Codes sections 40220, 40221, and

2  40222 limited the City's power to tow his vehicle for unpaid parking tickets.  Plaintiff's argument

3  relies on a phrase in the first sentence of section 40220, which states that the "processing agency shall

4  proceed under only one of the following options in order to collect an unpaid parking penalty."  Cal.

5  Vehicle Code § 40220.  Plaintiff argues that because towing is not "one of the following options" in

6  section 40220, the City cannot tow a vehicle for unpaid parking tickets.

7    This argument fails.  Plaintiff mistakenly isolates a single phrase from a statute, then applies

8  that phrase far beyond the statute's original context, meaning, and regulated activity.  The substance of

9  sections 40220, 40221, and 40222 concern the legal procedure for pursuing formal debtor judgments.

10  The phrase "collect an unpaid parking penalty" in the first sentence of section 40220 is therefore an

11  introduction to the topic and best understood to refer to the proper judicial process for obtaining and

12  executing on a debtor judgment.  Section 40220 does not declare itself the sole and exclusive means

13  by which the City can penalize the payment of unpaid parking tickets.  Such a reading would create a

14  conflict with Vehicle Code Section 22651(i), which expressly permits towing vehicles for unpaid

15  parking tickets.

16    Plaintiff also cites California Vehicle Code, section 22651(o)(2) and argues that the towing

17  was illegal because he was in the vehicle and only a police officer may order the towing of an

18  occupied vehicle.  This argument fails both factually and legally.  First, plaintiff admits that he

19  voluntarily chose to stay in the vehicle to try and undermine the parking control officer's authority.

20  Moreover, plaintiff alleges that police arrived on each occasion before his vehicle was towed.  (Compl.

21  at ¶ 24, 27.)   In any event, plaintiff misreads the statutes.  Vehicle Code section 22651(o)(2) applies to

22  vehicles being towed for non-registration.  The relevant subsection of section 22651 for this case is (i),

23  not (o), and section (i) contains no such limitation that only police officers may tow an occupied

24  vehicle.

25  **B.    PLAINTIFF'S MUNICIPAL LIABILITY CLAIMS UNDER 42 U.S.C. § 1983
       FAIL FOR INADEQUATE PLEADING**

26

27  Plaintiff fails to state a claim under 42 U.S.C. § 1983 because plaintiff does not allege a

    specific policy or practice that caused a constitutional deprivation.  Though plaintiff alleges he

28

Defendant CCSF's Motion to Dismiss          5          n:\lit\li2017\180109\01217447.docx
CASE NO.  **3:17-cv-04916 DMR**

1  witnessed five different towing's, plaintiff fails to allege any connection between the towing's, and

2  fails to allege any connection between the towing's and a policy.

3       A local government entity "may not be sued under § 1983 for an injury inflicted solely by its

4  employees or agents." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978).

5  Instead, a municipality is liable only if the individual can establish that the municipality "had a

6  deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation

7  he [or she] suffered." *Id.* at 694-95; *Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007); *Galen v.*

8  *Cty. of L.A.*, 477 F.3d 652, 667 (9th Cir. 2007).  To hold a public entity liable, a plaintiff must

9  demonstrate that the unlawful governmental action was part of the public entity's policy or custom,

10  and that there is a nexus between the specific policy or custom and the plaintiff's injury.  *Monell*, 436

11  U.S. at 690-92, 694-95.

12       Moreover, "to withstand a motion to dismiss for failure to state a claim, a *Monell* claim must

13  consist of more than mere 'formulaic recitations of the existence of unlawful policies, conducts or

14  habits.'"  *Bedford v. City of Hayward*, 2012 WL 4901434, at *12 (N.D. Cal. Oct. 15, 2012).  Prior

15  to *Twombly* and *Iqbal*, the Ninth Circuit had held that "a claim of municipal liability under section

16  1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a

17  bare allegation that individual officers' conduct conformed to official policy, custom, or practice."

18  *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988).  However, such conclusory

19  allegations no longer suffice and a plaintiff is required to state facts sufficient "to state a claim that is

20  plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550

21  U.S. 544 (2007)).  "*Monell* allegations must be [pled] with specificity."  *Galindo v. City of San Mateo*,

22  2016 WL 7116927, at *5 (N.D. Cal. Dec. 7, 2016).

23       Plaintiff attempts to substantiate § 1983 municipal liability in two different parts of his

24  complaint.  First, plaintiff alleges municipal liability against the City for having a policy of "ignoring

25  the protections set forth in California Vehicle Code § 40220." (Compl. at ¶ 43.)  As evidence, plaintiff

26  alleges seeing two other vehicles being towed on "two days in a row," and having his own vehicle

27  towed three times previously.  (*Id.* at ¶ 46.)  This is insufficient for *Monell* liability.  As described

28  above, there is no separate protection provided by California Vehicle Code 40220 that is applicable to

Defendant CCSF's Motion to Dismiss                6                n:\lit\li2017\180109\01217447.docx
CASE NO.  **3:17-cv-04916 DMR**

1    this case, and there cannot be *Monell* liability without an underlying constitutional violation.  In

2    addition, plaintiff does allege why the City towed the other vehicles and plaintiff does not connect

3    these five, isolated incidents to one another or to a policy or practice.  Even accepting plaintiff's

4    factual allegations as true, there is no factual basis to plausibly conclude that these five towing's were

5    caused by a specific policy or practice.

6        Second, plaintiff alleges municipal liability against the City for an unreasonable search and

7    seizure under the Fourth Amendment.  This claim fails because plaintiff does not allege that a policy

8    or practice led to his alleged Fourth Amendment deprivation.  (Compl. at ¶¶ 59-61.)  Indeed, plaintiff's

9    allegations about his fight with the parking control officer, along with the allegations of name calling

10   and personal animus, demonstrates that this dispute is most likely between plaintiff and the individual

11   parking control officer, not the result of a City policy or practice.

12   **C.    PLAINTIFF'S FOURTEENTH AMENDMENT DUE PROCESS CLAIM FAILS
            FOR INADEQUATE PLEADING**

13

14       Plaintiff fails to articulate any unconstitutional defect in the procedure provided to him for

     challenging his tickets or towing.

15
         Procedural due process imposes constraints on governmental decisions that deprive individuals

16   of 'liberty' or 'property' interests.  *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976).  To determine

17   whether appropriate process has been provided, *Mathews* directs courts to review the following:

18
                [F]irst, the private interest that will be affected by the official action; second, the
19              risk of an erroneous deprivation of such interest through the procedures used,
                and the probable value, if any, of additional or substitute procedural safeguards;
20              and finally, the Government's interest, including the function involved and the
                fiscal and administrative burdens that the additional or substitute procedural
21              requirement would entail.

22       *Vasquez v. Rackauckas*, 734 F.3d 1025, 1044 (9th Cir. 2013)

23       In "balancing" the *Mathews* factors, a court must be mindful that "the requirements of due

24   process are flexible and call for such procedural protections as the particular situation demands."  (*Id.*)

25       The California Vehicle Code sets forth California's civil administrative procedure for

26   contesting parking citations.  Cal. Veh. Code §§ 40200 et seq.[2]  In addition, section 307 of the San

27   ──────────────────────
     [2] Under Vehicle Code section 40214(a), a person may request an "initial review" of a parking citation
28   without prepaying the assessed parking penalty.  If dissatisfied with the results of the initial review,
     the person may request an administrative hearing by submitting a request and prepaying the amount of

     Defendant CCSF's Motion to Dismiss                7                    n:\lit\li2017\180109\01217447.docx
        CASE NO.  **3:17-cv-04916 DMR**

1  Francisco Transportation Code authorizes the City to conduct administrative investigations of parking

2  citations.  The hearing officer is a "neutral party," the challenger may present evidence and testimony,

3  and the burden of proof to uphold the violation shall be on the City.  San Francisco, California,

4  Transportation Code Div. II, § 307(d)(3).

5      Plaintiff has a variety of complaints about the hearing process at the City.[3]  Plaintiff complains

6  (1) that his hearing officer was employed by the City; (2) that all procedural and evidentiary rules are

7  not recognized; (3) that the time to file a request for a hearing is a mere 30 days; (4) that the hearing

8  officer is not licensed to practice law; and (5) that the challenger is denied the right to counsel.

9  (Compl. at ¶ 16; First Amend. Compl. at ¶ 58.D.)

10      All of these allegations fail to establish a violation of due process.  The fact that the hearing

11  officer was employed by the City does not establish a violation of due process.  *See David v. City of*

12  *Los Angeles,* 307 F.3d 1143, 1147 (9th Cir. 2002) (rejecting the plaintiff's claim that the "mere fact

13  that the hearing examiner was employed by the agency—or the City—was sufficient to show a due

14  process violation because the officer who ordered the towing and storage worked for the agency also"

15  because "[t]hat simply is not the law"), *rev'd on other grounds*, 538 U.S. 715 (2003).  It is not clear

16  what "procedural" or "evidentiary" rules plaintiff claims are not recognized.  And plaintiff provides no

17  authority for the proposition that 30 days is an unconstitutionally insufficient time to request a hearing

18  that every hearing officer must be a California licensed attorney, or that there is a right to counsel at an

19  administrative hearing for a parking ticket.

20  the parking penalty. Cal. Veh. Code § 40215(a).  Vehicle Code section 40215(c) establishes certain
procedural requirements for the hearing, which "shall provide an independent, objective, fair, and
21  impartial review of contested parking violations." *Id.* at § 40215(c)(3).  Among other things, hearing
examiners shall demonstrate those qualifications, training, and objectivity necessary to conduct a fair
22  and impartial review. An examiner shall not be employed, managed, or controlled by a person whose
primary duties are parking enforcement or parking citation, processing, collection, or issuance.  The
23  examiner shall be separate and independent from the citation collection or processing function.  An
examiner's continued employment, performance evaluation, compensation, and benefits shall not,
24  directly or indirectly, be linked to the amount of fines collected by the examiner. *Id.* at §
40215(c)(4)(A).  The contestant can seek de novo judicial review of an adverse hearing decision by
25  filing an appeal in superior court (formerly municipal court). Id. at § 40230(a).

26

27  [3] To the extent plaintiff is complaining about the lack of process before the tow, there is no right to a
pre-tow hearing. *Soffer v. City of Costa Mesa*, 798 F.2d 361, 363 (9th Cir. 1986) ("[W]e agree there is
not right to a pre-tow hearing.")

28

Defendant CCSF's Motion to Dismiss          8          n:\lit\li2017\180109\01217447.docx
CASE NO.  **3:17-cv-04916 DMR**

1    Finally, plaintiff fails to allege sufficient facts about the hearing process he received.  Plaintiff

2  fails to describe his participation in the administrative process, the evidence he submitted or was

3  prevented from submitting, the response he received, and whether or not he continued to judicial

4  review.  Without sufficient allegations regarding the administrative process, it is impossible to discern

5  whether plaintiff's complaints are facial or as-applied challenges to the City's hearing system.

6    **D.    PLAINTIFF'S TAKINGS CLAIM FAILS AS A MATTER OF LAW**

7    Plaintiff raises no cognizable takings claim.  When the government seizes property in exercise

8  of it police powers, the Takings Clause is not applicable.  *Acadia Tech., Inc. v. United States*, 458 F.3d

9  1327, 1330 (Fed. Cir. 2006).  This is true even if the plaintiff alleges that the exercise of police power

10  was illegitimate or unlawful.  *Id.*  "Towing cars that have accumulated an excessive number of parking

11  tickets is an exercise of police power, not a taking for public purposes within the meaning of the

12  Takings Clause" *Missud v. California*, 2013 WL 450391, at *4 (N.D.Cal. Feb. 5, 2013); *see also*

13  *McCain v. Stockton Police Dept.*, 2011 WL 4701696, at *5 (E.D.Cal. Oct. 4, 2011) ("[A]ny claim that

14  plaintiff's vehicle was taken 'without just compensation' fails as a matter of law, because 'property

15  seized and retained pursuant to the police power is not taken for a 'public use' in the context of the

16  Takings Clause' of the Fifth Amendment.").

17    **E.    PLAINTIFF'S EIGHTH AMENDMENT CLAIM FAILS AS A MATTER OF
      LAW**

18
19    Plaintiff raises no cognizable claim under the Eighth Amendment.  The Eighth Amendment's

20  prohibition on cruel and unusual punishment applies to convicted prisoners.  *See Farmer v. Brennan*,

21  511 U.S. 825, 832 (1994).  Even assuming that the Eighth Amendment applies here, a fine only

22  violates the Eighth Amendment if it is "grossly disproportional to the gravity of the defendant's

23  offense." *United States v. Bajakajian,* 524 U.S. 321, 337 (1998).  Federal courts routinely reject

24  claims that parking tickets can constitute an Eighth Amendment violation.  *See e.g., Cain v. Bureau of*

25  *Admin. Adjudication,* 2016 WL 7156392, at *5 (E.D. Pa. Dec. 8, 2016) (parking fees of $51.00 dollars

26  not disproportional); *Shibeshi v. City of New York*, 2011 WL 13176091, at *2 (S.D.N.Y. Sept. 21,

27  2011), *aff'd,* 475 F. App'x 807 (2d Cir. 2012) (fines of $515.16 for four tickets are not

28

1    disproportional); *Popescu v. City of San Diego,* 2008 WL 220281, at *4 (S.D. Cal. Jan. 25, 2008)($48

2    dollar parking tickets doubling after 30 days not disproportional).

3          Plaintiff fails to allege disproportionate fines.  Plaintiff alleges outstanding parking tickets in

4    the amounts of $2,300 and $1,989 at the time of the towing, and plaintiff alleges he eventually had to

5    pay $5,989.  (Compl. at ¶ 86).  But plaintiff leaves out the information necessary to determine if the

6    fees are disproportional; plaintiff does not explain how many tickets he received, how much he paid

7    for each towing, how much of his debts were late fees, or what the $5,989 represents generally.

8    Moreover, as discussed previously, San Francisco Parking Tickets are approximately $50 to $100

9    dollars.  San Francisco, California, Transportation Code Div. II, § 302.  Towing fees are

10   approximately $500 dollars.  *Id.* at § 305.  These amounts correspond to Exhibit D of plaintiff's

11   complaint, which appears to be 13 tickets in the following amounts: [obscured], [obscured],

12   [obscured], $71, $71, $71, $81, $81, $81, $64, $81, $71, and $81.  In addition, Plaintiff's Exhibit D,

13   page 58 on the federally filed copy, shows a towing fee for April 28, 2017 for $578.00.  Plaintiff's

14   complaint therefore shows nothing more than routine, unremarkable ticketing and towing fees.

15   Plaintiff does not therefore establish a plausible claim for grossly disproportional fees in violation of

16   the Eighth Amendment.

17          **F.       PLAINTIFF'S STATE LAW CLAIMS FAIL AS A MATTER OF LAW**

18          Plaintiff alleges negligence, defamation, intentional infliction of emotional distress, false

19   imprisonment, and kidnapping.[4]  All these claims fail.

20          As a preliminary matter, to the extent plaintiff has pled any other state claims against the City,

21   plaintiff fails to identify a statute under which the City could be held liable.  *Hoff v. Vacaville Unified*

22   *Sch. Dist.,* 19 Cal.4th 925, 932 (1998) ("All government tort liability must be based on statute.")

23   Since Government Code § 820 and § 815.2 make the City liable for the torts of its employees, the City

24   therefore turns to the intentional tort claims against the City and its parking control officer.

25          Any negligence claim fails because plaintiff alleges intentional conduct, that the parking

26   control officer intentionally towed plaintiff's vehicle.  Plaintiff cannot therefore maintain a negligence

27

28          [4] The kidnapping claim fails because there is no such tort.

Defendant CCSF's Motion to Dismiss                    10                    n:\lit\li2017\180109\01217447.docx
CASE NO.  **3:17-cv-04916 DMR**

1    claim. *Donnelly v. S. Pac. Co.,* 18 Cal. 2nd 863, 869 (1941) ("Negligence is an unintentional tort, a

2    failure to exercise the degree of care in a given situation that a reasonable man under similar

3    circumstances would exercise to protect others from harm. … Willfulness and negligence are

4    contradictory terms. … If conduct is negligent, it is not willful; if it is willful, it is not negligent.")

5         The defamation claim also fails.  To state a defamation claim, plaintiff must present evidence

6    of a statement of fact that is provably false.  *Seelig v. Infinity Broadcasting Corp*., 97 Cal. App. 4th

7    798, 809 (2002).  Plaintiff here admits he had unpaid parking tickets, making him a scofflaw.  (Compl.

8    at ¶ 86.)  The remaining statements – "loser," "criminal," "spoiled white boy" – during a heated verbal

9    argument are the kind of "sophomoric" "school yard taunts" that are not sufficiently factual to be

10   actionable as defamation.  *Id.*

11        The intentional infliction of emotional distress claim also fails.  Plaintiff must allege (1)

12   extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard

13   of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme

14   emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's

15   outrageous conduct.'  *Potter v. Firestone Tire & Rubber Co.,* 6 Cal.4th 965, 1001 (1993).  To be

16   outrageous, the conduct must be so extreme as to exceed all bounds of that usually tolerated in a

17   civilized community. (*Id.*)  Mere insults, indignities, threats, annoyances, or petty oppressions are not

18   sufficient.  *Hughes v. Pair*, 46 Cal.4th 1035, 1051 (2009).  Plaintiff alleges having his car towed and

19   arguing with a parking control officer and having the parking control officer call him names.  This

20   does not rise to the level of conduct that exceeds all bounds of that usually tolerated in a civilized

21   community.

22        The false imprisonment claim also fails.  Plaintiff consented to any restriction of his

23   movement.  *Fermino v. Fedco, Inc*., 7 Cal. 701, 716 (1994) (stating plaintiff must prove the

24   imprisonment was nonconsensual); *see also* CACI No. 1400 (listing nonconsensual as an element of

25   the tort).  On the first towing occasion on June 1, 2017, plaintiff voluntarily entered the vehicle to try

26   and stop it from being towed.  And on July 6, 2017, plaintiff chose to remain in the vehicle in protest

27   to try and delay the tow until police arrived.  Plaintiff therefore knowingly consented to the restriction

28   of his movement on both occasions.

1    Finally, the parking control officer, and therefore the City as well, are entitled to immunity

2    under California Government Code §§ 820.4, 820.6, and 821.6.  Government Code § 820.4 immunizes

3    the City because towing the car was the "execution" and "enforcement" of Vehicle Code § 22651(i).

4    Government Code § 820.6 immunizes the City because towing the car was in good faith under the

5    "apparent authority" of Vehicle Code § 22651(i).  And finally, Government Code § 821.6 immunizes

6    the City because ticketing and towing plaintiff's truck was the "institution" of an "administrative

7    proceeding" and an exercise of the City's police powers.

8    **G.      IF THE COURT WILL NOT DISMISS THE COMPLAINT, THE CITY
            REQUESTS A MORE DEFINITE STATEMENT UNDER RULE 12(E).**

9

10       The City had difficulty parsing plaintiff's claims.  If the Court declines to dismiss the case, the

11   City requests a more definite statement.  With clearer, delineated claims, the City expects it will be

     able to address plaintiff's claims with an early dispositive motion.

12   **IV.    CONCLUSION**

13

14       Plaintiff's complaint and amended complaint fail to allege any basis for recovery against the

15   City.  Plaintiff's remedy was to challenge his tickets and towing in accordance with the proper

16   administrative procedures, and to appeal for judicial review in superior court if plaintiff was not

17   satisfied with the result of the administrative hearing.  The City should be dismissed.

18

19   Dated:  August 30, 2017

20                                                    DENNIS J. HERRERA
                                                     City Attorney
21                                                    CHERYL ADAMS
                                                     Chief Trial Deputy
22                                                    NEWTON OLDFATHER
                                                     Deputy City Attorney

23

24                                                 By: */s/  Newton Oldfather*
                                                     NEWTON OLDFATHER
25

26                                                    Attorneys for Defendant
                                                     CITY AND COUNTY OF SAN FRANCISCO
27

28

**PROOF OF SERVICE**

1

2          I, SOPHIA GARCIA, declare as follows:

3          I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action.  I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

4

5          On August 30, 2017, I served the following document:

6    **DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT, OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

7

8    on the following persons at the locations specified:

9    Joel Drotts
     537 Jones Street, #3432
10   San Francisco, CA 94102
     Telephone: 415-933-1354
11   E-Mail:  honestvalu@gmail.com

12   *Pro Per Plaintiff*

13   in the manner indicated below:

14   ☒       **BY UNITED STATES MAIL**:  Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service.  I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail.  In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

15

16

17          I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

18          Executed August 30, 2017, at San Francisco, California.

19                                                  */s/  Sophia Garcia*
                                                    SOPHIA GARCIA
20

21

22

23

24

25

26

27

28

Defendant CCSF's Motion to Dismiss                    13                    n:\lit\li2017\180109\01217447.docx
CASE NO.  **3:17-cv-04916 DMR**