1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  CHERYL ADAMS, State Bar #164194
   Chief Trial Deputy
3  NEWTON OLDFATHER, State Bar #281227
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, 6th Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-4283
6  Facsimile:    (415) 554-3837
   E-Mail:       newton.oldfather@sfgov.org
7

8  Attorneys for Defendant
   CITY AND COUNTY OF SAN FRANCISCO
9

10

11                      UNITED STATES DISTRICT COURT

12                     NORTHERN DISTRICT OF CALIFORNIA

13  | JOEL DROTTS IN PRO PER, | Case No. 3:17-cv-04916 |
14  | Plaintiff, | |
15  | vs. | **DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** |
16  | SAN FRANCISCO MUNICIPAL TRANSPORTATION AGENCY; AUTO RETURN TOWING; JOHN DOE BADGE #426 OD SFMTA; AND JOHN DOE TOW TRUCK DRIVER, | Hearing Date:  November 9, 2017<br>Time:           11:00 a.m.<br>Place:          Oakland Courthouse, Courtroom 4 – 3rd Floor<br>1301 Clay Street, Oakland |
17  | | |
18  | | |
19  | Defendants. | Trial Date:     Not set. |

20

21

22

23

24

25

26

27

28

**REPLY**

## I. INTRODUCTION

The Court should dismiss the complaint because (1) plaintiff has not identified a City policy or practice that caused a constitutional violation, and (2) plaintiff admitted that he had unpaid parking tickets which subjected his car to being towed under California law.

Plaintiff's arguments in opposition do not undermine these two points.  Plaintiff argues that he alleged City policies of "aggressive ticketing" and "towing vehicles without notice," but these allegations are too vague to state a specific policy or practice that plausibly caused a constitutional violation.  Plaintiff also argues for an interpretation of California Vehicle Code § 22651(i) that relies on a misreading of the statue.  And finally, plaintiff argues violations of due process, but plaintiff fails to address that the California Vehicle Code provides him with adequate state remedies to challenge his citations.

## II. ARGUMENT

### A. PLAINTIFF FAILS TO ALLEGE A POLICY OR PRACTICE THAT CAUSED A CONSTITUTIONAL VIOLATION

Plaintiff argues that his allegations about "aggressive parking enforcement" and "towing vehicles without notice or hearing" is sufficient to show a policy and practice.  (Opp. at ¶ 31.) Defendant disagrees.

Plaintiff's allegations are too vague to support a *Monell* claim.  A plaintiff must plead a policy or practice with "sufficient allegations" to give "fair notice" and "enable the opposing party to defend itself effectively."  *AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012).  In addition, the factual allegations must "plausibly suggest an entitlement to relief."  *Id.*  Plaintiff's descriptions of the City's policies do not fairly identify the policy or practice that plaintiff is challenging.  The descriptions "aggressive parking enforcement" and "towing vehicles without notice or hearing" could be the resulting harm of certain policies and practices, but the descriptions do not identify the actual policy or practice itself.

In addition, plaintiff's argument continues to assume that he is entitled to a pre-tow hearing. Plaintiff does not have support for this proposition.  The Ninth Circuit has repeatedly held pre-tow

hearings to be unnecessary and impractical.  *See e.g., Scofield v. Hillsborough*, 862 F.2d 759, 762–64 (9th Cir. 1988) (upholding towing of unregistered vehicle and stating that owner was not entitled to hearing or notice before vehicle could be towed under California statute).

### B. PLAINTIFF FAILS TO SHOW THAT CALIFORNIA VEHICLE CODE § 22651(I) IS INAPPLICABLE

Plaintiff does not contest that he had more than five outstanding tickets.  Rather, plaintiff argues that California Vehicle Code § 22651(i) is inapplicable because it conflicts with Vehicle Code § 40220 (Opp. at ¶ 17), because parking control officers do not have the authority to tow vehicles (Opp. at ¶ 26), because it only applies to abandoned cars, left cars, recovered cars, or unlawfully parked cars (Opp. at ¶ 26), and it requires a judgment from a magistrate judge (Opp. at ¶ 27.)

These arguments all fail.  First, there is no conflict between California Vehicle Code § 22651(i) and California Vehicle Code § 40220.  The former address circumstances under which a municipality may tow a vehicle.  The latter addresses the ways a municipality can collect unpaid parking tickets through a judicial process.  Plaintiff has not identified sufficient "irreconcilable conflict" to support a claim of implied repeal.  *Branch v. Smith*, 538 U.S. 254, 273 (2003).

Second, plaintiff's remaining arguments about Vehicle Code Section § 22651(i) all fail because each relies on a misreading of the statute.  The statute applies to parking control officers.  Cal. Veh. Code § 22651 ("A peace officer … or a regularly employed and salaried employee, who is engaged in directing traffic or enforcing parking laws and regulations … ."  Subsection (i) applies to all cars on public streets. *Id.* at § 22651(i) ("When a vehicle … is found upon a highway or public land… .")  Subsection (i) does not require any judicial order. *Id.* ("for which a certificate has **not** been issued by the magistrate or clerk of the court … .")(emphasis added).

### C. PLAINTIFF FAILS TO ALLEGE A DUE PROCESS VIOLATION

Plaintiff argues that the City's administrative hearing procedure for challenging tickets violates due process because it does not include sufficient procedural guarantees (Opp. at ¶ 48) and because, on one incident, he did not receive an in-person hearing.  (Opp. at Ex. 3)  Both arguments fail.

First, plaintiff does not provide any authority for the proposition that he is entitled to the procedural guarantees that he demands. California courts have already reviewed the process provided under California law and found it to comply with due process. *Tyler v. Cty. of Alameda*, 34 Cal. App. 4th 777, 787 (1995).

Second, to the extent plaintiff is claiming that the City's process does not meet the requirements of the California Vehicle Code, the pleading is inadequate.[1] Plaintiff makes no attempt to describe the actual process that he challenges, and plaintiff provides no allegations regarding attempts to use the administrative procedure from start to finish. Indeed, based on plaintiff's own exhibits, the City offers the opportunity for persons to challenge their tickets and tows. (Opp. at Ex. 3.)

Third, to the extent plaintiff is arguing that he was deprived of his right to a hearing on one occasion on July 24, 2017, the pleading is inadequate. Plaintiff did not include this incident in his complaint, and plaintiff does not allege that he requested an in-person hearing. Further, a mistake in the procedure does not immediately entitle plaintiff to a federal civil rights claim. Plaintiff had adequate state remedies to challenge defects in the procedural process. Cal. Code Civ. Proc. § 1085 (describing the writ of mandamus); *Lake Nacimiento Ranch Co. v. San Luis Obispo Cnty.*, 841 F.2d 872, 879 (9th Cir. 1987) (explaining that a plaintiff's due process claim cannot proceed if a "procedure for redress of a deprivation of procedural due process is available.")

D.   **PLAINTIFF CANNOT INCLUDE NEW ALLEGATIONS IN AN OPPOSITION**

In his opposition, plaintiff includes a new allegation regarding another towing incident. (Opp. at ¶ 8.) This is improper. Plaintiff's allegations must all be included in an operative complaint. Fed. R. Civ. P. 8.

/ / /

---

[1] In its moving papers, the City cited the San Francisco Transportation Code to show the City's procedure for hearing tickets. That was error. The specific code section cited – Section 307 – relates to a citation for a permit violation, not a regular parking violation.

Defendants' Reply Re Mot. Dismiss
CASE NO. 3:17-cv-04916

4

### III. CONCLUSION

In light of the length of plaintiff's opposition, defendant chose to respond to the arguments that defendant believed the Court would want briefing about. If the Court wants additional briefing on any of plaintiff's other arguments, defendant will be happy to provide it.

Dated: October 4, 2017

                         DENNIS J. HERRERA
                         City Attorney
                         CHERYL ADAMS
                         Chief Trial Deputy
                         NEWTON OLDFATHER
                         Deputy City Attorney

                     By: */s/ Newton Oldfather*
                         NEWTON OLDFATHER

                         Attorneys for Defendant
                         CITY AND COUNTY OF SAN FRANCISCO

## PROOF OF SERVICE

I, COLLEEN M. GARRETT, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On October 4, 2017, I served the following document(s):

**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

on the following persons at the locations specified:

Joel Drotts
537 Jones Street, #3432
San Francisco, CA 94102
Telephone: 415-933-1354
E-Mail: honestvalu@gmail.com

*Pro Per Plaintiff*

in the manner indicated below:

☒ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed October 4, 2017, at San Francisco, California.

*/s/ Colleen M. Garrett*
**COLLEEN M. GARRETT**